[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2010
JOHN LEY
CLERK

No. 09-12128

_____

D. C. Docket No. 07-61038-CV-KAM

VANTAGE VIEW, INC.,

Plaintiff-Appellee,

versus

QBE INSURANCE CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Vantage View, Inc., a condominium association that owns a 20-story, 174-unit high-rise condominium building sued its insurer QBE Insurance Corporation ("QBE") for reimbursement under the policy for damage to the building as a result of Hurricane Wilma. The jury rendered a verdict in favor of Vantage View[1] and QBE now appeals.

On appeal, QBE argues that it is entitled to a new trial because the district court abused its discretion in excluding the minutes of a condominium board meeting, which QBE claims were relevant to its defense that the policy had been voided by the submission of a fraudulent claim. QBE also argues that it is entitled to judgment as a matter of law because, under its policy, it is liable for damage to the windows and the doors only if Vantage View actually completed all repairs or replacements prior to submitting its claim, which Vantage View did not do.

We have considered the record, the briefs of the parties and the oral

---

[1] The jury awarded Vantage View $1,538,640, which was comprised of the following amounts:

| | |
|---|---|
| Roof: | $214,000 |
| Windows, sliding glass doors, and exterior doors: | $910,500 |
| Pool: | $ 18,000 |
| Air Conditioning Screen: | $ 89,200 |
| All other damages: | $306,940 |
| Total: | $1,538,640 |

From the jury's total award, the district court subtracted the policy deductible of $454,863 and added prejudgment interest in the amount of $119.078.57 for a total final judgment entered of $1,197,855.50.

argument of counsel, and affirm the judgment. We find no merit in QBE's contention that the district court erred in excluding the minutes of Vantage View's special board meeting. The district court's determinations that the minutes were protected by the attorney-client privilege, which had not been waived, and that the minutes did not suggest fraud to exempt them from the privilege did not amount to an abuse of discretion.

We also reject QBE's argument that it is entitled to a judgment as a matter of law because Vantage View did not actually repair or replace the windows and doors at issue. QBE tried the entire case on the theory that Vantage View was guilty of fraud, i.e. that Vantage View had voided QBE's policy obligation because it had allegedly submitted a fraudulent inflated estimate for the repairs. The defense that Vantage View could only recover after it had made the repairs was never presented or argued to the jury. Indeed it was never pleaded nor included in the pretrial stipulation. Nor did QBE present this theory to the judge pre-trial or during trial, but only after the close of the evidence. Under the particular circumstances of this case, we view the issue as having been waived.

**AFFIRMED.**

3